# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROY EDWARD HALL                                                                        PLAINTIFF

v.                                      4:18cv00283-JM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol Avenue, Suite A149
>	Little Rock, AR 72201-3325

**I.	INTRODUCTION**

On October 15, 2014, Plaintiff filed a document with the Social Security Administration stating he was seeking review of the Administration's decision regarding the issue of retroactivity of childhood disability benefits. (Doc. 14-1 at 6.) On March 9, 2015, the Administration mailed Plaintiff a notice of dismissal because his claim raised "the same [issue] determined previously regarding [Plaintiff's] entitlement month for disabled adult child benefits on the record of Leroy Hall." (Doc. 14-1 at 8.) The notice informed Plaintiff of his right to file a request for a hearing before an Administrative Law Judge (ALJ). (*Id.*)

On May 12, 2015, Plaintiff did file a request for hearing before an ALJ (*Id.* at 10), but on June 8, 2015, Plaintiff through his representative moved to withdraw the request for a hearing. (*Id.* at 11.) On September 21, 2015, an Administrative Law Judge granted Plaintiff's request and entered an Order of Dismissal. (*Id.* at 15.) On September 29, 2015, Plaintiff notified the Administration he was appealing the Administrative Law Judge's dismissal. (*Id.* at 16.) On April 27, 2017, the Appeals Council denied Plaintiff's request for review finding "no reason under [their] rules to review the Administrative Law Judge's dismissal. (*Id*. at 23.) On April 30, 2018, Plaintiff, proceeding *pro se*, filed the instant civil action in this Court. (Doc. No. 2.)

Now before the Court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies. (Doc. No. 14.) Plaintiff has not responded. After careful review of the pleadings in this matter, I recommend the Motion be GRANTED and Plaintiff's cause of action be dismissed without prejudice for failure to exhaust.

## II. ANALYSIS

In support of her Motion to Dismiss, the Commissioner has provided the Declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration. (Doc. No. 14-1 at 1-4.) Ms. Prelle is responsible for processing Social Security claims filed in federal court in the Eastern District of Arkansas. (*Id.* at 2.) She has examined the file pertaining to Plaintiff, Roy E. Hall, and provided the relevant documents from his administrative file. (*Id.* at 6-24.) The documents reveal there has been no action by any ALJ in this matter.

The Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted. *Anderson v. Sullivan*, 959 F.2d 690, 692-693 (8th Cir. 1992) "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experiences and expertise, and to compile a record which is adequate for judicial review." *Id.* at 693 (citations omitted).

An exception to the exhaustion of administrative remedies requirement exists where a plaintiff raises a colorable constitutional claim collateral to his substantive claim of entitlement, shows irreparable harm would result from exhaustion, or shows that the purposes of exhaustion would not be served by requiring further administrative action. *Thorbus v. Bowen* 848 F.2d 901,

903 (8th Cir. 1988) (citing *Matthews v. Eldridge*, 424 U.S. 319, 329-31 (1976)). Plaintiff has not offered any ground as to why an exception to the exhaustion requirement is warranted.

Defendant's Motion to Dismiss is proper. Plaintiff has failed to exhaust his administrative remedies. Therefore, Plaintiff's Complaint should be dismissed for lack of jurisdiction.

Accordingly, the Court lacks subject matter jurisdiction until Plaintiff has exhausted his administrative remedies. Defendant's Motion to Dismiss should be GRANTED and Plaintiff's Complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

DATED this 21st day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE